THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CRIMINAL CASE NO. 1:15-cr-00027-MR-WCM

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **O R D E R** |
| | ) | |
| JONATHAN C. LOGAN, | ) | |
| | ) | |
| Defendant. | ) | |

**THIS MATTER** is before the Court on the Defendant's "Emergency Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 61].

**I. BACKGROUND**

In March 2016, the Defendant Jonathan C. Logan was convicted of bank fraud and was sentenced to 15 months' imprisonment, consecutive to any other state or federal judgements previously or thereafter imposed. [Doc. 34]. Following his release, the Defendant committed new frauds that resulted in the revocation of his supervised release and the imposition of a new term of 33 months' imprisonment on December 20, 2019. [Docs. 48,

56]. The Defendant is currently serving this sentence at FCI Elkton, and his projected release date is December 25, 2021.[1]

The Defendant now seeks a reduction in his sentence pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) due to the ongoing coronavirus pandemic. [Doc. 61]. Specifically, the Defendant argues that his underlying health conditions place him at a higher risk for severe illness from COVID-19, and that his particular vulnerability to the illness is an extraordinary and compelling reason for an immediate sentence reduction to time served. [Id.].

## II.   DISCUSSION

Section 3582(c)(1)(A), as amended by The First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239 (Dec. 21, 2018), permits a defendant to seek a modification of his sentence for "extraordinary and compelling reasons," if the defendant has "fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). The Defendant asserts in his motion that he submitted a request for compassionate release to the warden of FCI Elkton, but that the

---

[1] See https://www.bop.gov/inmateloc/ (last visited July 9, 2020).

2

warden denied his request on April 22, 2020. [Doc. 61 at 3]. The Government concedes that the Defendant has exhausted his administrative remedies. [Doc. 63 at 2]. Accordingly, the Court will proceed to address the merits of the Defendant's motion.

As is relevant here, the Court may reduce a defendant's sentence under § 3582(c)(1)(A)(i) "extraordinary and compelling reasons" if "such reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i). The Court must also consider the factors set forth in 18 U.S.C. § 3553(a), to the extent that such factors are applicable. Id.

Sentencing Guidelines § 1B1.13 is the Sentencing Commission's policy statement applicable to compassionate release reductions.[2] See U.S.S.G. § 1B1.13. As is pertinent here, this policy statement provides that the Court may reduce a term of imprisonment after considering the § 3553(a)

---

[2] The policy statement refers only to motions filed by the BOP Director. That is because this policy statement was last amended on November 1, 2018, and until the enactment of the First Step Act on December 21, 2018, defendants were not permitted to file motions under § 3582(c). See First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194, 5239. In light of the statutory requirement that any sentence reduction be "consistent with applicable policy statements issued by the Sentencing Commission," § 3582(c)(1)(A), and the lack of any plausible reason to treat motions filed by defendants differently from motions filed by BOP, the Court concludes that the policy statement applies to motions filed by defendants under § 3582(c)(1)(A) as well.

3

factors if the Court finds that (1) "[e]xtraordinary and compelling reasons warrant the reduction;" (2) "[t]he defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g);" and (3) "[t]he reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.

Here, the Government concedes that the Defendant has identified several factors, including his particular medical conditions and the current situation at FCI Elkton, that would support a finding of extraordinary and compelling reasons to justify a sentence reduction in this case.[3] However, the Government also points out that since the filing of his motion, the Defendant has been diagnosed with COVID-19 and has recovered without exhibiting symptoms or requiring any medical treatment. The Defendant's medical records (which are current through July 7, 2020) indicate that the Defendant was placed in isolation on May 24, 2020 after testing positive for COVID-19 and was asymptomatic at that time. [See Doc. 63-1]. The Defendant's medical records do not indicate that any further medical care was provided after that date. [Id.]. Other prison records provided by the

---

[3] As of July 9, 2020, FCI Elkton had 359 confirmed cases of COVID-19 within the inmate population and 3 confirmed cases within its staff. Further, nine prisoners have died from the virus. See https://bop/gov/coronavirus/ (last accessed July 9, 2020).

4

Government indicate that the Defendant had recovered from the virus by June 12, 2020. [See Doc. 63-2].

These records establish that the Defendant had the virus but ultimately recovered without exhibiting symptoms or requiring medical care. The Defendant cannot meet his burden of establishing that his risk of contracting COVID-19 is an extraordinary and compelling reason for a sentence reduction when he has already contracted—and beaten—the virus.[4] For all these reasons, the Court concludes that the Defendant has failed to establish an "extraordinary and compelling reason" for a sentence reduction under § 3582(c)(A)(1)(i).

Even if the Defendant could establish an extraordinary and compelling reason for his release, the Court would still deny the Defendant's motion because it appears that the Defendant would continue to pose a danger to public safety if released. Under the applicable policy statement, the Court must deny a sentence reduction unless it determines the defendant "is not a danger to the safety of any other person or to the community." USSG §

---

[4] While it is unclear how long COVID-19 immunity might last following infection, it is reasonable to assume that the Defendant is not at risk of infection for some time. See CDC, COVID-19/Frequently Asked Questions, https://www.cdc.gov/coronavirus/2019-ncov/faq.html (last accessed July 9, 2020).

1B1.13(2). Additionally, this Court must consider the § 3553(a) factors, as "applicable," as part of its analysis. See § 3582(c)(1)(A); United States v. Chambliss, 948 F.3d 691, 694 (5th Cir. 2020).

Here, the Defendant has a significant criminal history. [See PSR: Doc. 25 at 7-19]. His criminal conduct began in 1995 when he was convicted at the age of 21 for the misuse of checks. After being charged with multiple misdemeanors, he was convicted in North Carolina state court of obtaining property by false pretenses in 2002. He accumulated multiple similar state convictions from 2002-2007, including a second felony judgment for obtaining property by false pretenses in 2004. In 2008, the Defendant was convicted for the first time in federal court for bank fraud and received a 46-month sentence in the Middle District of North Carolina. His supervised release was subsequently transferred to the Western District of North Carolina, where he resumed his criminal activities and accumulated two more federal bank fraud convictions and several supervised release revocations. Despite years of imprisonment and numerous criminal convictions, the Defendant remains undeterred in his criminal conduct. The Defendant has victimized dozens of people, businesses, and banks during his career of financial fraud, and many of these convictions resulted from

6

crimes committed while the Defendant was under direct court supervision. Considering the circumstances, the Court concludes that a reduction of the Defendant's sentence to time served would not reflect the seriousness of the Defendant's offense, would not promote respect for the law, would not provide just punishment, would not afford adequate deterrence, and would not protect the public from the Defendant's further crimes.

For all these reasons, the Defendant's motion for a sentence reduction is denied.

**IT IS, THEREFORE, ORDERED** that the Defendant's "Emergency Modification of Sentence Pursuant to 18 U.S.C. § 3582(c)(1)(A)(i)" [Doc. 61] is **DENIED**.

**IT IS SO ORDERED.**   Signed: July 13, 2020

Martin Reidinger
Chief United States District Judge